

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| JOSEPH SCHIEL, ) | CASE NO.: 3KN-07-<u>74</u> CI. |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHEVRON USA. INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Joseph Schiel, by and through counsel, Peter Ehrhardt of Friedman, Rubin and White, 215 Fidalgo Suite 203, Kenai, Alaska 99611, and for his causes of action against Defendant states as follows:

1. Plaintiff Joseph Schiel was at all times relevant a resident of Nikiski, Alaska.

2. Defendant Chevron USA, Inc. was at all times relevant an Alaskan Corporation duly licensed and authorized to conduct business within the State of Alaska.

3. At all times relevant to this complaint Defendant Chevron USA, Inc. owned, operated and maintained the Grayling Drilling Platform in Upper Cook Inlet near Nikiski, Alaska. As such, Defendant was at all times relevant responsible for the maintenance and management of the property including all ladders, stairways, hydraulic equipment, radios and other equipment used by its workers and subcontractors.

4. On or about April 22, 2006, Plaintiff Joseph Schiel, an employed by Peak Oilfield Service Co., Inc. at the Grayling Platform operated by defendant, was performing his duties at the job site.

5. While he was on the premises owned and operated by the defendant, Mr. Schiel was assisting in moving a drill rig by means of rig jacks along skid rails.

6. In performing his duties, Plaintiff was required to move from the skid rail down a westward sloping ladder. The ladder had no hand rail. Although he used care and caution, for balance, Plaintiff placed his right hand on the skid rail near the jack foot. The rig jack moved into place on the skid rail and crushed his right hand and fingers severely injuring and smashing his fingers to pulp.

7. Defendant knew or should have known of the faulty ladder and of the danger it posed to Plaintiff. In spite of knowledge or reason to know and spite of their duty to exercise care on behalf of all Grayling site workers, defendant failed to take any measures to repair the defective

*Schiel v. Chevron, USA*
*Page 2 of 5*

Case 3:07-cv-00030-TMB   Document 1-2   Filed 03/07/07   Page 2 of 6

Peter R. Ehrhardt
FRIEDMAN RUBIN & WHITE
215 Fidalgo Ave., Ste. 203 • Kenai, Alaska 99611
Tele: (907) 283-2876 • Fax: (907) 283-2896

ladder or sufficiently warn the workers of the dangers or take other preventative measures including providing adequate radios or other means of communication.

8. In the absence of such preventive measures, accidents and injuries such as those suffered by the Plaintiff were foreseeable to the defendant.

9. As the operator and owner of the premises, defendant had a duty to exercise due care to take preventive measures to remedy or prevent dangerous conditions on its business premises, and to maintain ladders, walkways, entrances and handrails in such manner as to prevent injury to all workers on the premises.

10. Defendant breached their duty and were negligent by among other things:

   a. failing to warn Plaintiff and all other Grayling workers of the dangerous condition;

   b. failing to properly repair or maintain the ladder or otherwise make it safe;

   c. failing to adequately inspect and maintain the ladder;

   d. failing to properly block or barricade the area until such time as a proper ladder and handrail were provided;

*Schiel v. Chevron, USA*
*Page 3 of 5*

Peter R. Ehrhardt
FRIEDMAN RUBIN & WHITE
215 Fidalgo Ave., Ste. 203 • Kenai, Alaska 99611
Tele: (907) 283-2876 • Fax: (907) 283-2896

Peter R. Ehrhardt
FRIEDMAN RUBIN & WHITE
215 Fidalgo Ave., Ste. 203 • Kenai, Alaska 99611
Tele: (907) 283-2876 • Fax: (907) 283-2896

e. failing to provide adequate and proper communication between Plaintiff and other individuals moving the rig and the derrick man; and,

f. In other respects to be proven with more specificity at trial.

11. As a direct and proximate result of defendant's negligence, Plaintiff Joseph Schiel suffered serious, painful and permanent bodily injuries. Plaintiff's two fingers were destroyed and he sustained other serious injury to be proven with more specificity at trial.

12. The conduct of oil drilling and maintenance operation and similar activities is an ultrahazardous activity.

13. Defendant's improper maintenance of a faulty, inadequately maintained equipment subjects Defendant to strict liability to Plaintiff for the injuries inflicted on Plaintiff by Defendant's ultrahazardous activity.

14. Plaintiff suffered personal injury, past, present and future wage and income losses, pain and suffering, loss of enjoyment of life, medical expenses and other losses in an amount in excess of $100,000 to be determined with more particularity at trial.

WHERFORE, Plaintiff Joseph Schiel prays for relief against defendants as follows:

a. For judgment awarding damages an amount in excess of $100,000, to be determined with more particularity at trial;

*Schiel v. Chevron, USA*
*Page 4 of 5*

b. For costs interests and attorneys fees; and,

c. For such other and further relief as the court may deem just and equitable.

DATED this 5 day of February, 2007.

FOR PLAINTIFF:

_____
PETER R. EHRHARDT - ASBA 8006016

Peter R. Ehrhardt
FRIEDMAN RUBIN & WHITE
215 Fidalgo Ave., Ste. 203 • Kenai, Alaska 99611
Tele: (907) 283-2876 • Fax: (907) 283-2896

Prentice Hall Corp, Inc.
Agent for Service for:
Chevron USA, INC
9360 Glacier Hwy #202
Juneau, AK 99801


7190 4520 0004 0150 3235 2002

